**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| | ) | |
| In re: Valsartan NDMA Contamination | ) | MDL No. 88 |
| Litigation | ) | |
| | ) | |

**PLAINTIFF ROBERT KRUK'S MOTION TO TRANSFER ACTIONS**
**TO THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1407**
**FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Movant, Robert Kruk, the plaintiff in *Kruk v. Zhejiang Huahai Pharmaceutical Co. et al.*, No. 18-cv-005944 (N.D. Ill.), hereby moves for transfer pursuant to 28 U.S.C. § 1407 and entry of an order transferring the actions listed below and in the accompanying Schedule of Actions (collectively, the "Scheduled Actions") to the United States District Court for the District of New Jersey for consolidated or coordinated pretrial proceedings. As stated below and in the accompanying memorandum, the eleven Scheduled Actions share a high degree of commonalty, such that transfer and consolidation is necessary to avoid inconsistent pretrial rulings, duplicative discovery obligations, inconsistent or overlapping class certification rulings, and promote the just and efficient conduct of this litigation. In support of this Motion, Movant states as follows:

1.      The Movant is the named plaintiff in *Kruk v. Zhejiang Huahai Pharmaceutical Co. et al.*, No. 18-cv-005944 (N.D. Ill.), one of the Scheduled Actions.

2.      All of the Scheduled Actions arise out of a common factual core—the defendant manufacturers, distributors, marketers and retailers of the drug Valsartan defectively manufactured, deceptively marketed, and sold a dangerous drug contaminated with a known carcinogen.

3.      The Scheduled Actions include ten putative class actions, five of which are already pending in the District of New Jersey, and one individual action.

### a.      Putative Class Actions.

*Borkowski v. Prinston Pharmaceutical Inc. et al.*, No. 18-cv-01150 (W.D.N.Y.)

*Duffy v. Solco Healthcare U.S., LLC, et al.*, No. 18-cv-15076 (D.N.J.)
(transferred from S.D.N.Y., No. 18-cv-07460)

*Erwin v. Prinston Pharmaceutical Inc., et al.*, No. 18-cv-13447 (D.N.J)

*Gonteski v. Huahai U.S., Inc., et al.,* No. 18-cv-14858 (D.N.J.)

*Jones v. Zhejiang Huahai Pharmaceutical Co. et al.*, No. 18-cv-01525 (E.D. Mo.)

*Judson v. Prinston Pharmaceutical Inc., et al.*, No. 18-cv-01405 (E.D. Cal.)

*Kruk v. Zhejiang Huahai Pharmaceutical Co. et al.*, No. 18-cv-005944 (N.D. Ill.)

*Lewis v. Zhejiang Huahai Pharmaceutical Co. et al.*, No. 18-cv-00247 (E.D. Tenn.)

*O'Neill v. Solco Healthcare U.S. Inc., et al.,* No. 18-cv-14840 (D.N.J.)

*Stimma v. Torrent Pharma Inc., et al.,* No. 18-cv-14318 (D.N.J.)

### b.      Individual action.

*Gentry v. Solco Healthcare U.S., LLC, et al.*, No. 18-cv-04214 (W.D. Mo.)

4.      Movant is not aware of any other related actions pending in any federal court.

5.      Movant proposes that all eleven Scheduled Actions identified above and in the attached Schedule of Actions, in addition to any other subsequently-filed related actions, be transferred to Judge Freda L. Wolfson of the U.S. District Court for the District of New Jersey for coordinated and consolidated pretrial proceedings.

6.      Centralization of these Scheduled Actions in a single judicial district for consolidated pretrial proceedings will promote the just and efficient conduct of these Scheduled Actions, will serve the conveniences of all parties and witnesses, and will promote the interests of justice. Each Scheduled Action arises from the same or substantially similar set of facts involving the manufacture, distribution, marketing and sale of Valsartan.

7.      Transfer of the Scheduled Actions to a single court for consolidated pretrial proceedings will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, and permit the cases to proceed to trial more efficiently. Further, because discovery in each of the Scheduled Actions will involve many of the same witnesses and document production, transfer and consolidation would also avoid duplicative discovery to the benefit of plaintiffs and defendants.

8.      Transfer of the Scheduled Actions is most appropriate to the Honorable Freda L. Wolfson, United States District Judge for the District of New Jersey, because the majority of the Scheduled Actions are already pending in the District of New Jersey and the overwhelming majority of defendants named in the Scheduled Actions are based in New Jersey. Judge Wolfson currently presides over four of the Scheduled Actions pending in the District of New Jersey.

9.      This Motion is supported by the accompanying brief in support filed concurrently herewith, as well as any other materials or oral argument that may be presented to the Panel before or at the time of any hearing on this matter.

WHEREFORE, Movant, plaintiff in the *Kruk v. Zhejiang Huahai* action, respectfully requests that the cases listed in the contemporaneously-filed Schedule of Actions, and all other subsequently-filed related actions, be transferred and consolidated before Judge Freda L. Wolfson of the District of Illinois.

Dated: October 22, 2018                     Respectfully Submitted,

                                            By: /s/ Paul T. Geske
                                            One of Movant's Attorneys

                                            Myles McGuire
                                            Paul Geske
                                            MCGUIRE LAW P.C.
                                            55 West Wacker Drive, Suite 900
                                            Chicago, Illinois 60601

mmcguire@mcgpc.com
pgeske@mcgpc.com
Tel. 312.893.2490

Scott Morgan
MORGAN LAW FIRM, LTD.
55 West Wacker Drive, Suite 900
Chicago, Illinois 60601
smorgan@smorgan-law.com
Tel. 312.327.3368

John Sawin
SAWIN LAW FIRM, LTD.
55 West Wacker Drive, Suite 900
Chicago, Illinois 60601
jsawin@sawinlawyers.com
Tel. 312.853.2490

*Counsel for Plaintiff Robert Kruk*